**DIESCHER et ux. v. COMMISSIONER OF INTERNAL REVENUE (two cases).**

Nos. 6937, 6938.

Circuit Court of Appeals, Third Circuit.

Feb. 8, 1940.

Writ of Certiorari Denied June 3, 1940.

See 60 S.Ct. 1099, 84 L.Ed. ——.

S. Leo Ruslander and Samuel Kaufman, both of Pittsburgh, Pa., for petitioners.

James W. Morris, Asst. Atty. Gen., and Sewall Key and Newton K. Fox, Sp. Assts. to Atty. Gen., for respondent.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

MARIS, Circuit Judge.

These are appeals from orders of redetermination entered by the Board of Tax Appeals declaring that the petitioners, Mr. and Mrs. Samuel E. Diescher, in appeal No. 6937 are liable for a deficiency of $13,236.66 and the petitioners, Mr. and Mrs. August P. Diescher, in appeal No. 6938 are liable for a deficiency of $12,590.73, in their income tax returns for 1932, as determined by the Commissioner.

The question involved is whether or not the gain realized by the petitioners upon the receipt of certain stock was one which was "recognized" or taxable under the provisions of section 112 (b) (5) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev. Acts, p. 511.[1]

Samuel E. and August P. Diescher, petitioners, are engineers of wide experience in the construction and operation of steel mills and are also inventors of various devices and processes used in the iron and steel industry. During the taxable year of 1932 they engaged in business in a partnership under the name of S. Diescher & Sons and had done so for many years prior thereto. On September 28, 1932 they formed a corporation called Diescher Tube Mills, Inc., hereinafter called the corporation, and transferred to it certain patents, patent applications and other inventions valued at $250,000. In exchange they received 2,500 shares of stock of the corporation valued at $60 per share ($150,000) together with the promise of the corporation to pay in addition $100,000 in cash when available. For three days, from September 28, to October 1, 1932, the petitioners were the sole stockholders of the corporation, but on the latter date, under the terms of a prior agreement, the Babcock & Wilcox Tube Co., hereinafter called Babcock,

purchased 3,000 shares of stock in the corporation for $180,000. The corporation thereupon paid the partners the $100,000 in satisfaction of its obligation.

It is conceded that the partners made a profit of $250,000 upon the above transactions, $100,000 from the receipt of the cash and $150,000 from the receipt of the stock. Believing, however, that under section 112 (b) (5) supra, and section 112 (c) (1), of the Act, 26 U.S.C.A. Int.Rev.Acts, pp. 511, 512,[2] only such portion of their gain as arose from the receipt of the cash was taxable in 1932, they reported only a gain of $100,000 in their income tax returns for that year.

The Commissioner, however, determined that the entire gain from both cash and stock was taxable and determined deficiencies accordingly. These deficiencies were sustained by the Board of Tax Appeals.

The specific question presented by the facts of this case is whether or not the gain on the exchange is to be recognized only to the extent of the $100,000 received in cash or to the extent of the value of the 2,500 shares of stock also.

The Board held that the gain on the receipt of the stock by the petitioners must be recognized for the reason that the partners were not in control of the corporation immediately after the exchange and for the further reason that the amount of the stock and securities received by the partners and Babcock was not substantially in proportion to their interest in the property prior to the exchange. We think that the Board was correct in so holding.

It is clear that the transaction must be viewed as a whole. Hazeltine Corporation v. Commissioner, 3 Cir., 89 F.2d 513. So viewed it appears that the partners put in patents, etc., worth $250,000 and received at the end 2,500 shares of stock of the corporation and $100,000 in cash. Babcock put in $180,000 in cash

1 "(b) * * * (5) Transfer to corporation controlled by transferor. No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation; but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange."

2 "(c) Gain from Exchanges Not Solely in Kind. (1) If an exchange would be within the provisions of subsection (b) (1), (2), (3), or (5) of this section if it were not for the fact that the property received in exchange consists not only of property permitted by such paragraph to be received without the recognition of gain, but also of other property or money, then the gain, if any, to the recipient shall be recognized, but in an amount not in excess of the sum of such money and the fair market value of such other property."

and received 3,000 shares of stock. Conceding that money is property within the meaning of subsection (b) (5) as held in Halliburton v. Commissioner, 9 Cir., 78 F.2d 265, the effect of the transaction was that the partners put in property worth $250,000 and received stock worth $150,000 and other property (money) worth $100,000, while Babcock put in property worth $180,000 and received stock worth $180,000. Obviously the amount of the stock received by each was not "substantially in proportion to his interest in the property prior to the exchange."

The petitioners contend, however, that this requirement of subsection (b) (5) for a proportionate continuation of interest in the new corporation is eliminated by subsection (c) (1). We do not think that it has that effect. Subsection (c) (1) is designed to bring within the exemption of (b) (5) exchanges which conform to the requirements of the latter subsection in all respects except that in addition to stock or securities in the transferee corporation other property or money is received by the transferor. In a case such as the present one where two or more persons transfer property to a corporation in exchange for its stock or securities and also money, the effect of the two subsections, when read together as they must be, may be stated as follows:

If property is transferred to a corporation by two or more persons in exchange for stock or securities in such corporation and also other property or money and immediately after the exchange such persons are in control of the corporation and the stock or securities received by each is substantially in proportion to his interest prior to the exchange in the property transferred, no gain or loss shall be recognized in excess of the sum of such money and the fair market value of such other property received in exchange.

It will be seen that the exchange here involved does not come within the terms of the exemption of the Revenue Act as thus stated since the partners, who put in 58% of the property, received but 45% of the stock.

The decisions of the Board of Tax Appeals are affirmed.