Minnie R. Ebner, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 57341.   Filed August 30, 1956.

*Ben Kohler, Jr., Esq.,* and *Joseph J. Fine, Esq.,* for the petitioner.
*Lester R. Uretz, Esq.,* for the respondent.

---

OPINION.

RICE, *Judge:* The issue herein is solely one of fact, namely, whether petitioner received, during 1947, more than 30 per cent of the selling price of certain stock sold by her during that year, thereby disqualifying her from reporting the gains from such sale on the installment basis under section 44 (b) [1] of the 1939 Code. On December 30, 1947,

[1] SEC. 44. INSTALLMENT BASIS.

(b) SALES OF REALTY AND CASUAL SALES OF PERSONALITY [*sic*].—In the case (1) of a casual sale or other casual disposition of personal property (other than property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year), for a price exceeding $1,000, or (2) of a sale or other disposition of real property, if in either case the initial payments do not exceed 30. per centum of the selling price (or, in case the sale or other disposition was in a taxable year beginning prior to January 1, 1934, the percentage of the selling price prescribed in the law applicable to such year), the income may, under regulations prescribed by the Commissioner with the approval of the Secretary, be returned on the basis and in the manner above prescribed in this section. As used in this section the term "initial payments" means the payments received in cash or property other than evidences of indebtedness of the purchaser during the taxable period in which the sale or other disposition is made.

petitioner, her three children, and the estate of her deceased husband sold back to the corporation a block of 185 shares of its stock which they owned. The sum of $50,000 was paid to their attorney on that date, such amount constituting the first of a series of installment payments on petitioner's shares and payment in full for the shares sold by the others. According to the terms of the contract of sale, this resulted in the payment of $24,791.85 out of the $50,000 to petitioner. Respondent has determined, however, that petitioner actually received $35,791.85 of this $50,000 during 1947. He argues that during the closing of the sale on December 30, 1947, the $11,000 debt owed to the corporation by petitioner's son, Stanley Ebner, was offset against that portion of the $50,000 due him for his 40 shares of stock and that such $11,000 constituted an additional payment to petitioner in 1947.

Although the $50,000 was deposited in a special account on December 30, 1947, and was not distributed to each of the sellers until January 16, 1948, it is clear that they are each to be regarded as having constructively received their allocable shares on December 30, 1947. *Samuel E. Diescher*, 36 B. T. A. 732 (1937), affd. 110 F. 2d 90 (C. A. 3, 1940), certiorari denied 310 U. S. 650 (1940). We do not think, however, that petitioner is to be regarded as having received, in 1947, more than the $24,791.85 share allocated to her in the original contract of sale. Petitioner has convincingly carried her burden of proving that the agreement between Stanley Ebner and the corporation, which resulted in an additional $11,000 payment to her, was executed on January 9, 1948, rather than on December 30, 1947. Although respondent relies on the book entries on the corporation's books debiting Stanley Ebner's account with an $11,000 payment and crediting petitioner's account with a like amount as of December 31, 1947, the evidence indicates that the transaction took place on January 9, 1948, rather than at the end of 1947. Martin Ebner, under whose direction these entries were made, testified that the corporation's books were not closed for the year 1947 until sometime in 1948 and he could not recall when the direction for the entries had been given. On the other hand, both Stanley Ebner and the attorney who represented petitioner in this transaction testified that the problem regarding the payment of the $11,000 debt was not settled until January 9, 1948. This testimony was substantiated by the canceled note and the receipt for payment of the $11,000, both of which are dated January 9, 1948. Accordingly, we hold that, on December 31, 1947, petitioner was entitled to but $24,791.85 of the $50,000 payment made by the corporation, and that she did not acquire a right to this additional $11,000 until January 9, 1948. Such amount of $24,791.85 being less than 30 per cent of the total selling price of her shares of stock, she is entitled to report the gains on such sale on the installment basis.

*Decision will be entered for the petitioner.*