## COMMISSIONER OF INTERNAL REVENUE v. FORHAN REALTY CORPORATION.

### No 21.

Circuit Court of Appeals, Second Circuit.

Feb. 4, 1935.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and J. Louis Monarch, Sp. Assts. to Atty. Gen., for petitioner.

Laurence Graves, of Washington, D. C., for respondent.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

On November 15, 1929, the respondent, a New York corporation, was the owner of 47,900 shares of common stock, of no par value, of the Forhan Company, a corporation which had outstanding 150,000 shares of common stock and 150,000 shares of class A common stock. The Forhan Company had accumulated, since February 28, 1913, a surplus of $2,383,263.51. On November 15, 1929, it transferred all its assets subject to its liabilities to the Zonite Products Corporation in exchange for 175,000 shares of the latter's common stock, at $30 per share, and $5,250,000 in cash, a total consideration of $10,500,000. After such exchange, Forhan Company's earnings and profits, undistributed, amounted to $10,490,-000.

Thereafter Forhan Company distributed to its stockholders the stock and cash received from Zonite Products Corporation in exchange for its capital stock which was surrendered and canceled. Respondent surrendered its stock of the Forhan Company, and received in exchange therefor, as its proportionate share distributable to stockholders, 27,416⅔ shares of Zonite Products Corporation stock and $854,000 in cash. The cash and fair market value of the stock received by the respondent exceeded its basis for determining gain or loss on the sale of the Forhan Company by more than $854,000. These transactions were in accordance with the terms of a contract and pursuant to a plan of reorganization. Respondent's stock ownership entitled it to a pro rata share of the undistributed earnings or profits of $2,383,263.51, namely, $380,527.74, and its proportionate share of the undistributed earnings or profits in the exchange with the Zonite Products Corporation, namely, $10,490,000, was $1,674,903.-33—more than the amount of cash received.

Two questions are presented on this appeal: (a) Whether the distribution above mentioned has the effect of the distribution of a taxable dividend; and (b) whether the provisions of section 112 (c) (2), Revenue Act 1928 (26 USCA § 2112 (c) (2), concerning "undistributed earnings and profits," refers to those existing before or those existing after the sale and exchange of the assets of the Forhan Company. Section 112 (c), 26 USCA § 2112 (c) provides:

"(1) If an exchange would be within the provisions of subsection (b) (1), (2), (3), or (5) of this section if it were not for

the fact that the property received in exchange consists not only of property permitted by such paragraph to be received without the recognition of gain, but also of other property or money, then the gain, if any, to the recipient shall be recognized, but in an amount not in excess of the sum of such money and the fair market value of such other property.

"(2) If a distribution made in pursuance of a plan of reorganization is within the provisions of paragraph (1) of this subsection but has the effect of the distribution of a taxable dividend, then there shall be taxed as a dividend to each distributee such an amount of the gain recognized under paragraph (1) as is not in excess of his ratable share of the undistributed earnings and profits of the corporation accumulated after February 28, 1913. The remainder, if any, of the gain recognized under paragraph (1) shall be taxed as a gain from the exchange of property."

■ Where the section refers to a distribution which "has the effect of the distribution of a taxable dividend," "taxable dividend" is to be considered from the viewpoint of the corporation making the distribution, and, where the distribution has the effect of what is ordinarily considered a taxable dividend, from the distributing corporation's viewpoint, section 112 (c) (2) is applicable to the entire distribution, without regard to whether there is a possibility of parts of the distribution going to some distributees which parts, if viewed as ordinary dividends, would be nontaxable to such distributees either because the distributees are corporations or because they have not sufficient income to be subject to surtax.

The respondent is a corporation, and therefore not taxable on dividends received. Section 23 (p) Revenue Act 1928 (26 USCA § 2023 (p). The section may be construed so as to mean that, where a distribution is made by a corporation and such distribution will ordinarily have the effect of a distribution of a taxable dividend, the fact that in a particular instance the distribution has no such effect does not prevent the section from applying to the particular case.

The section refers to a · "distribution made in pursuance of a plan of reorganization," and indicates that Congress was referring to the distribution to the stockholders rather than the distribution to each stockholder. The distribution, as a whole, has the effect of the distribution of a taxable dividend, and the fact that a subsequent part of the section specifically refers to the individual distributees indicates that, in the absence of such specification in the part of the section now being considered, the distribution to the stockholders as a whole is to be inferred. This construction does not, as urged by the petitioner, require our disregarding the word "taxable," but means that it is not necessary to construe it as meaning taxable to each distributee. Congress did not limit the application of this new section, section 112 (c) (2), to cases where the reorganization is carried out for the purpose of avoiding high surtaxes, nor to cases where the particular distributee would actually pay more taxes if the distribution be treated as a dividend. Com'r v. Owens (C. C. A.) 69 F.(2d) 597. The use of the word "distribution" in section 112 (c) (2) indicates that Congress was considering a fund which was to be distributed among the number of parties rather than a portion of that fund received by a particular distributee. The phrase requires a construction that the distribution is to be looked at from the viewpoint of the distributing corporation.

The petitioner argues that the section provides that the distribution be taxed as a dividend, which means necessarily that each portion of the distribution must be taxed in some way, and, if it is not actually taxed when treated as a dividend, it would be a contradiction of terms to say that it is intended that it should be "taxed as a dividend." But it is erroneous to say that the object of the section was to impose a tax in the case of each particular distributee. If the language of the section is open to the fair construction that where certain distributions are not technically dividends but rather have the effect of dividends, they shall be treated as dividends for income tax purposes. The construction urged by the petitioner assumes wrongfully that the object of the section was to impose a tax in the case of each particular distributee. Fairly construing the section, it means only that certain distributions which are not technically dividends but have the effect of dividends shall be treated as such for income tax purposes.

It is said that Congress intended that the first portion of the section should apply in the case of a particular stockholder only when his portion of the distribution would be subject to tax in his hands if it had been an ordinary dividend. "Dividend" includes

many distributions which are not taxable under the Revenue Act, such as dividends out of capital or earnings or profits accumulated before March 1, 1913. By this section Congress was dealing with dividends not technically known as such, but having the effect of dividends. Under such circumstances, it was correct to refer to "taxable dividends" to distinguish them from other distributions which in common phrase are referred to as dividends, but which are non-taxable because of the source or form of their distribution.

At the time of the distribution in question, the undistributed earnings and profits were $10,490,000 and the respondent's ratable share must be computed on that basis. The statute makes no reference to the time at which such sum is to be computed, and, in the absence of some limitation, none should be presumed. The respondent's ratable share of the earnings and profits being in excess of the amount of gain recognized in section 112 (c) (1) of the act (26 USCA § 2112 (c) (1), the entire amount of the gain should not be taxed as a gain from the exchange of the property, but should be included in gross income as a dividend. As a dividend it is not taxable. The decision must therefore be affirmed.

Decision affirmed.