**ROSE, Former Collector of Internal Revenue, v. LITTLE INV. CO.**

No. 8101.

Circuit Court of Appeals, Fifth Circuit.

Oct. 20, 1936.

Helen R. Carloss and J. Louis Monarch, Sp. Assts. to Atty. Gen., and M. Neil Andrews, Asst. U. S. Atty., of Atlanta, Ga., for appellant.

W. A. Sutherland, Elbert P. Tuttle, Joseph B. Brennan, Granger Hansell, and R. W. Crenshaw, all of Atlanta, Ga., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

Little Investment Company owned, in the year 1924, 2,672 shares of stock in another domestic corporation, Kincaid Manufacturing Company. During that year, by a transaction now conceded to be a reorganization within the meaning of the income tax statutes, all the stock of Kincaid Manufacturing Company was, along with all its assets remaining after the declaration of a certain dividend, transferred to another corporation, which was renamed Georgia-Kincaid Mills, in return for preferred stock in and certain cash and notes of the latter, all of which were distributed to the stockholders of the Kincaid Manufacturing Company. As a result, Little Investment Company had a large gain, but not exceeding its share as a stockholder in the surplus accumulated by Kincaid Manufacturing Company since February 28, 1913, and included in the assets transferred in the reorganization. The Little Investment Company was assessed by the Commissioner for an additional income tax in respect of this gain. It paid the assessment to the collector, after due claim for refund sued him in the District Court, and upon an agreed statement of facts recovered judgment. The collector appeals. He proposes as the sole question for our decision "whether a distribution made by a domestic corporation to a corporate stockholder in pursuance of a plan of reorganization has the effect of a taxable dividend within the meaning of section 203 (d) (2) of the Revenue Act of 1924 so as to prevent such corporate stockholder from being taxed under section 203 on a gain realized by exchanging its stock for stock, cash and other property."

Section 203, 43 Stat. 256, provides for the taxation of gains arising from exchanges of property. Subsection (b) (2) excepts from taxation exchanges of stock solely for stock in corporate reorganizations, but subsection (d) paragraph (1) provides that, if money or other property is received in addition to stock, gain not exceeding the money and fair value of the other property shall be recognized. Subsection (d) paragraph (2), 43 Stat. 257, then adds: "If a distribution made in pursuance of a plan of reorganization is within the provisions of paragraph (1) but has the effect of the distribution of a taxable dividend, then there shall be taxed as a dividend to each distributee such an amount of the gain recognized under paragraph (1) as is not in excess of his ratable share of the undistributed earnings and profits of the corporation accumulated after February 28, 1913. The remainder, if any, of the gain recognized under paragraph (1) shall be taxed as a gain from the exchange of property." In Commissioner v. Owens, 69 F.(2d) 597, we applied the corresponding provisions of the Revenue Act of 1928 to an individual stockholder, holding that such part of his gain received in cash as represented in effect a distribution of surplus accumulated since February 28, 1913, was as a dividend subject only to surtax, but the remainder of such gain was fully taxable as realized by an exchange of property. The appellant here concedes that the gains received in cash and notes by the stockholders of Kincaid Manufacturing Company did not exceed the earnings and profits of the corporation accumulated since February 28, 1913, and were in effect a distribution of them, and that individual stockholders would come under the protection of subsection (d) (2), since they might owe a surtax on them; but he contends that a corporate stockholder cannot have such protection because under section 234 (a) (6), 43 Stat. 283, 284, a dividend received by a corporation from another domestic corporation is deductible from income and not taxed. He asserts that a distribution to a corporate stockholder in the reorganization of a domestic corporation can never be "in effect the distribution of a taxable dividend." We do not think this is the meaning of subsection (d) (2). The word "dividend" means primarily the thing to be divided, and not the results of the division, and this meaning is observed in mathematics. In

common speech, what the shareholders in a corporation get by a division of corporate assets is also called a dividend, and sometimes so even though it be a division of capital assets or even of new stock issued by the corporation. The Revenue Act of 1924 in section 201 (a), 26 U.S.C.A. § 115 (a) and note, makes its own definition: "Any distribution made by a corporation to its shareholders, whether in money or in other property, out of its earnings or profits accumulated after February 28, 1913." Distributions from that source only can be subjected to income tax. The argument is that, when in section 203 (d) (2) the word "dividend" is qualified by the word "taxable," some force must be given the adjective, and that it indicates that some dividends, although from the source mentioned in the statutory definition, are not taxable, and that those received by one domestic corporation from another are such nontaxable dividends. But the phrase to be construed speaks of "a distribution having the effect of the distribution of a taxable dividend." It contemplates the transaction as a whole, and its general effect rather than the separate receipts of each stockholder and the effect on him. If a distributable surplus really exists which could have been distributed as a proper dividend to stockholders before reorganization, it ordains that a distribution in reorganization which has the same effect is to be treated for tax purposes in the same way. There is no purpose to apply this rule to one class of stockholders and not to another, for the command is, "Then there shall be taxed as a dividend to each distributee. * * *" Individual and corporate stockholders are alike included. But taxing as a dividend to each distributee what is thus received may have very different final results. Individuals with large incomes will owe a surtax because of it. Other individuals with less incomes or greater deductions and exemptions will owe no tax. Corporations, because of their special dividend deduction, will owe none. The unequal result as to corporations is rooted in the deduction provision of section 234 (a) (6) which by the provision under discussion is made to apply, not only to true dividends, but also to this quasi dividend. The phrase "a taxable dividend" means only that the distribution is really of profits and not of capital, and of profits accumulated since February 28, 1913, and thus in nature and in

history subject to income taxation. In view of the definition of a dividend in section 201 (a), it would perhaps have sufficed to use that term alone, but, since in common speech the word has a broader meaning than the statutory definition, the qualification "taxable" was added. This distribution was in effect a distribution of a taxable dividend, and in the hands of each stockholder is to be treated like a dividend. Because of its right to an offsetting deduction, Little Investment Company owed no additional tax. Commissioner v. Forhan Realty Corporation (C.C.A.) 75 F. (2d) 268.

Judgment affirmed.