### LOVE v. COMMISSIONER OF INTERNAL REVENUE.

### LERMANN v. SAME.

### LOVE'S ESTATE et al. v. SAME.

### Nos. 7265–7267.

Circuit Court of Appeals, Third Circuit.

June 27, 1940.

W. A. Seifert, William Wallace Booth, and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa. (Floyd F. Toomey and Wm. H. Quealy, both of Washington, D. C., of counsel), for petitioners.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to the Atty. Gen., for respondent.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

BIGGS, Circuit Judge.

The three petitions for review involved in the cases at bar concern deficiencies in income tax for the year 1927 assessed respectively against R. C. Love, Myra Love Lermann and the executors of the F. S. Love Estate. The pertinent facts are as follows.

The petitioners, with one other member of their family, owned all of the outstanding common stock of Bessemer Coal and Coke Company, which owned all of the outstanding stock of Harmar Coal Company, which in turn was the owner of all the outstanding stock of Indianola Coal Company. We will refer to Bessemer Coal and Coke Company as the Bessemer Company. At nine o'clock in the morning of June 7, 1927 the Board of Directors of the Bessemer Company voted to liquidate it and forthwith declared a so-called liquidating dividend in cash in partial liquidation to be paid eight days later to the petitioners.

Prior to this time, on April 7, 1927, a company called the Bessemer Coal and Coke Corporation, which we will refer to as the Bessemer Corporation, was incorporated. At eleven o'clock on the morning of June 7, 1927, the Board of Directors of Bessemer Corporation held a meeting at which it was voted to accept an offer of the Bessemer Company, Harmar and Indianola to sell and transfer to the corporation all of their assets, excluding cash, in return for shares of the common stock of the Bessemer Corporation, the stock of the latter corporation to be distributed directly to the petitioners as stockholders of the Bessemer Company. Upon the afternoon of June 7th the directors of the Bessemer Company met and authorized a meeting of its shareholders to approve the proposed agreement with the Bessemer Corporation. This meeting was held on June 15, 1927, and the proposed agreement was approved unanimously by all stockholders of the Bessemer Company, as well as by the stockholder of Harmar, viz., Bessemer Company, and of Indianola, viz., Harmar. The transaction was consummated on June 30, 1927, and the assets of the Bessemer Company, Harmar and Indianola were transferred as of June 15, 1927, to the Bessemer Corporation. Three weeks later the correct number of shares of stock of the Bessemer Corporation were issued to the petitioners. The Bessemer Company thereafter was dissolved. The amount of undistributed earnings and profits of the Bessemer Company on June 15, 1927, accumulated after February 28, 1913, is stipulated and presents no question of fact.

Several questions are presented for our determination. These questions may be phrased as follows. Did the transactions to which we have referred constitute a reorganization of the corporations and was the Bessemer Company liquidated in

pursuance of the plan of reorganization? Were the cash and stock of the Bessemer Corporation received by the petitioners in full payment and exchange for their stock of the Bessemer Company, the aggregate value being in excess of the cost bases of the Bessemer Company's stock held by the petitioners, the petitioners deriving a gain in excess of the cash received? Was such gain, to the extent of the cash received, taxable under Section 203(d) (1) of the Revenue Act of 1926, c. 27, 44 Stat. 9, 26 U.S.C.A.Int. Rev.Acts, page 150, and, was the cash received by the petitioners taxable as an ordinary dividend paid from undistributed profits and earnings of the Bessemer Company accumulated subsequent to February 28, 1913, to the extent of the earnings of the Bessemer Company included therein, the balance being taxable as capital net gain pursuant to Section 208 of the Revenue Act, 26 U.S.C.A.Int.Rev. Acts, page 157?

The Board of Tax Appeals answered all of these questions in the affirmative. Whether the Board's rulings are correct depends primarily upon whether the transactions which we have outlined constitute a single transaction for the purposes of taxation or separate transactions, one whereby the dividends were received, and another by which the stock of the Bessemer Corporation came into the possession of the respective petitioners.

We are of the opinion that the transactions must be considered as a whole and constitute a reorganization whereby the Bessemer Company transferred its assets, with the exception of cash, to the Bessemer Corporation in exchange for the stock of that company. The so-called liquidating dividend was but a step, albeit an essential one, in the reorganization. Even if we deem the cash distributed by the Bessemer Company to be not an essential part of the reorganization, none the less we entertain no doubt that it was distributed in pursuance of that general plan which was approved by all the corporations and all their stockholders.

It is clear that Bessemer Corporation was formed for the specific purpose of acquiring the assets of the Bessemer Company, Harmar and Indianola, for resolutions of the Board of Directors of Bessemer Corporation were passed in which this very fact was recited, and the pres-ident of Bessemer Corporation so stated to its directors. That a well-designed plan to effect reorganization of the companies was in contemplation and was carried out is demonstrated also by the fact that the directors of Bessemer Company and Bessemer Corporation held their respective meetings to effect the transfer of assets from one corporation to another within a period of a few hours of each other and approved a formal agreement which must have been some time in preparation. We conclude therefore that all of that which took place was in fact a continuous and single transaction and must be considered to be such. Bassick v. Commissioner, 2 Cir., 85 F.2d 8, certiorari denied, 299 U.S. 592, 57 S.Ct. 120, 81 L.Ed. 436; Hazeltine Corporation v. Commissioner, 3 Cir., 89 F.2d 513; Diescher v. Commissioner, 3 Cir., 110 F. 2d 90.

■ We conclude therefore as did the Board that the petitioners received the stock of the Bessemer Corporation and cash in exchange and in payment in full for their stock in the Bessemer Company. It follows that the petitioners were subject to tax on the gain realized from the exchange of stock for stock and cash pursuant to the provisions of Section 203(d) (1) to the extent of the cash received by them. The Board has found upon sufficient evidence that the amount of the gain was in excess of the cash received. Consequently, the taxpayers under the provisions of the foregoing section are taxable to the full extent of the cash received.

■ The effect of Section 203(d) (2) of the Act is to require that a distribution made in pursuance of a plan of reorganization be treated as ordinary dividends instead of as profit from a sale if it be the case that such distribution has the effect of an ordinary dividend. It has been repeatedly held that when a corporation which is transferring its assets to another pursuant to a plan of reorganization, has profits accumulated since February 28, 1913, which are distributed to stockholders, such distribution shall be treated as the distribution of an ordinary dividend. The circumstance that the cash distribution was made by the Bessemer Company direct to its stockholders rather than by way of distribution from the Bessemer Corporation is of no importance. The result was the same. Com-

missioner v. Owens, 5 Cir., 69 F.2d 597; Rose v. Little Investment Co., 5 Cir., 86 F.2d 50; Commissioner v. Forhan R. Co., 2 Cir., 75 F.2d 268. The undistributed earnings and profits of the Bessemer Company from February 28, 1913, until the date upon which its liquidation was determined, amounted to $658,020.18. This portion of the sum distributed to the petitioners is taxable as an ordinary dividend. The balance is subject to tax as capital gain pursuant to the provisions of Section 208 of the Revenue Act.

The facts in United States v. Rodgers, 3 Cir., 102 F.2d 335, upon which the petitioners strongly rely, are clearly distinguishable from those of the case at bar. In the cited case there was a bona fide sale of stock for money. This was entirely separate from the transaction of exchange of stock for stock.

The decision of the Board of Tax Appeals is in all respects affirmed.