549 F.2d 89
 77-1 USTC P 9218
 Jack D. RINGWALT, Appellant,
v.
UNITED STATES of America, Appellee.
Philip L. LIESCHE and Ursula A. Liesche, Appellants,
v.
UNITED STATES of America, Appellee.
Jack D. RINGWALT and Jean W. Ringwalt, Appellants,
v.
UNITED STATES of America, Appellee.
 Nos. 76-1285 to 76-1287.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 16, 1976.
Decided Feb. 16, 1977.
 
 Harold W. Kauffman, William A. Day, Jr., Omaha, Neb., for appellants.
 George G. Wolf, Atty., Tax Div., Dept. of Justice, Washington, D. C., for appellee; Daniel E. Wherry, U. S. Atty., Omaha, Neb., Scott P. Crampton, Asst. Atty. Gen. and Gilbert E. Andrews, Jonathan S. Cohen, Attys. Tax Div., Dept. of Justice, Washington, D. C., on brief.
 Before STEPHENSON and HENLEY, Circuit Judges, and MEREDITH,* District Judge.
 STEPHENSON, Circuit Judge.
 
 
 1
 Jack D. Ringwalt and other taxpayers[1] appeal from the district court's[2] judgment disallowing their claims for income tax refunds for the year 1967. In this appeal appellants contend the district court erred in concluding that certain corporate transactions constituted a corporate reorganization rather than a liquidation producing more favorable tax treatment. For the reasons stated below, we affirm.
 
 
 2
 The basic facts are described in a stipulation adopted by the district court. In 1949 Ringwalt organized a general insurance agency entitled Ringwalt & Liesche, Inc. (R & L, Inc.). Ringwalt, owning 84% of the shares in the corporation, served as its president. On April 30, 1959, Ringwalt established a trust for the benefit of his children, and he transferred all of his shares in R & L, Inc. to himself as trustee. The trust, commonly known as a Clifford Trust, was specified to last until May 1, 1969, with the trust income being distributable and taxable to the children during the ten-year period. Ringwalt retained a reversionary interest in the trust corpus and held various administrative powers as trustee, including sole discretion to allocate trust receipts between principal and income.
 
 
 3
 The critical events for purposes of this appeal consist of the sale by R & L, Inc. of a major asset, the dissolution of R & L, Inc., and the subsequent formation of a new insurance corporation. The record reflects that Ringwalt had formed several insurance companies, including National Fire and Marine Insurance Company. R & L, Inc. owned 51% of the shares in National Fire and Marine, but on March 16, 1967, sold its entire interest to Berkshire-Hathaway, Inc. R & L, Inc. realized a taxable gain on the sale exceeding $700,000. Shortly afterward, the shareholders of R & L, Inc. adopted a resolution authorizing dissolution of the corporation effective March 31, 1967. Ringwalt & Liesche Co. (R & L Co.) was organized on April 1, 1967, with respective shareholdings similar to those of R & L, Inc. but with one exception: Ringwalt, rather than the trust, obtained an 84% interest in the new corporation. R & L Co. purchased the operating assets and corporate name of R & L, Inc. and proceeded to conduct the business formerly conducted by R & L, Inc. in substantially the same manner and at the same location.
 
 
 4
 On April 1, 1967, R & L, Inc.'s assets were distributed to its shareholders in connection with its dissolution. In particular, $932,754.06 was distributed to Ringwalt as trustee of the short-term trust. These funds were subsequently reinvested in publicly-held securities because, in Ringwalt's view, investment in R & L Co. would have been unduly speculative.
 
 
 5
 In their individual federal income tax returns for the year 1967, Ringwalt and the other taxpayers treated the distribution received from R & L, Inc. as a corporate liquidation[3] and reported long-term capital gain. R & L, Inc., similarly treating the distribution as a liquidation,[4] reported no gain with respect to the sale of the National Fire and Marine stock or the transfer of the operating assets to R & L Co. In contrast, the Internal Revenue Service determined that the series of transactions through which R & L, Inc. transferred its assets to R & L Co. and then dissolved constituted a corporate reorganization[5] rather than a liquidation. Accordingly, the Internal Revenue Service treated the liquidating distribution as essentially equivalent to a dividend, which is ordinary income,[6] as opposed to capital gain, which would have been appropriate if the transactions were treated as a corporate liquidation. Income tax deficiencies were assessed against Ringwalt and the other taxpayers; Ringwalt's deficiency was approximately $150,000.
 
 
 6
 After payment of the tax, the taxpayers initiated refund actions in the district court. The district court, holding in favor of the United States, concluded that the dissolution of R & L, Inc. and subsequent creation of R & L Co. was correctly treated as a corporate reorganization, and the court dismissed the taxpayers' claims for refunds.
 
 
 7
 The central issue in this appeal obviously is whether the series of corporate transactions described above should be treated as a corporate reorganization or a liquidation. A corporate liquidation consists of the cessation of business by the corporation and the distribution of its assets to its shareholders. See, e. g., I.R.C. § 332. A corporate reorganization constitutes a continuation of business activity by the same shareholders in modified corporate form. See I.R.C. § 368. See generally B. Bittker & J. Eustice, Federal Income Taxation of Corporations and Shareholders P 14.54 (3rd ed. 1971).
 
 
 8
 In a liquidation, favorable tax treatment may be appropriate in that the distribution can be reported as a capital gain by a shareholder, and no gain need be recognized by the corporation. See I.R.C. §§ 331 and 337. Nevertheless, such advantageous tax treatment is denied when an ostensible liquidation is tainted by reincorporation of the original corporation's operating assets in a "new" corporation controlled by the same shareholders. See I.R.C. § 368. In that situation, the series of corporate transactions constituting a liquidation-reorganization is collapsed, and the tax treatment accorded to reorganizations preempts that accorded to complete liquidations.[7] See Babcock v. Phillips, 372 F.2d 240, 242-44 (10th Cir.), cert. denied, 387 U.S. 918, 87 S.Ct. 2030, 18 L.Ed.2d 970 (1967); Davant v. Commissioner, 366 F.2d 874, 879-83 (5th Cir. 1966), cert. denied, 386 U.S. 1022, 87 S.Ct. 1370, 18 L.Ed.2d 460 (1967); Commissioner v. Morgan, 288 F.2d 676, 679-80 (3d Cir.), cert. denied, 368 U.S. 836, 82 S.Ct. 32, 7 L.Ed.2d 37 (1961); Liddon v. Commissioner, 230 F.2d 304, 307-09 (6th Cir.), cert. denied, 352 U.S. 824, 77 S.Ct. 34, 1 L.Ed.2d 48 (1956); Bard-Parker Co. v. Commissioner, 218 F.2d 52, 56-57 (2d Cir. 1954), cert. denied, 349 U.S. 906, 75 S.Ct. 582, 99 L.Ed. 1242 (1955); Lewis v. Commissioner, 176 F.2d 646, 648-49 (1st Cir. 1949); Survaunt v. Commissioner, 162 F.2d 753, 756-59 (8th Cir. 1947).
 
 
 9
 We conclude that the dissolution of R & L, Inc. and concomitant incorporation of R & L Co. should be construed as a reorganization rather than a liquidation. The series of transactions that took place in the instant case appears governed by I.R.C. § 368(a)(1)(D), which defines a reorganization as:
 
 
 10
 a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor, or one or more of its shareholders (including persons who were shareholders immediately before the transfer), or any combination thereof, is in control of the corporation to which the assets are transferred; but only if, in pursuance of the plan, stock or securities of the corporation to which the assets are transferred are distributed in a transaction which qualifies under section 354, 355, or 356.
 
 
 11
 To hold otherwise would be to recognize form over substance under circumstances in which there was a continuation of an existing business enterprise as opposed to the termination of a going concern. See Davant v. Commissioner, supra, 366 F.2d at 879-87; Commissioner v. National Bellas Hess, Inc., 220 F.2d 415, 418-21, rehearing denied, 225 F.2d 340 (8th Cir. 1955).
 
 
 12
 Taxpayers' most critical contention, in claiming that the series of corporate transactions described above should not have been treated as a reorganization, is that a reorganization requires a consistency of ownership between the original corporation and the surviving corporation, allegedly absent in this case. See, e. g., Helvering v. Southwest Corp., 315 U.S. 194, 201-02, 62 S.Ct. 546, 86 L.Ed. 789 (1942). Taxpayers emphasize, in this regard, that Ringwalt held an 84% interest in R & L, Inc. only as trustee under a short-term trust and owned in his individual capacity an 84% interest in R & L Co. Accordingly, they assert that the common control requirement for a reorganization under section 368(a)(1)(D) has not been met.[8] The government contends, however, that Ringwalt did have sufficient control as trustee for the Clifford Trust in order to satisfy the common control element of a reorganization.
 
 
 13
 In determining that the continuity of interest requirement had been established in the instant case, the district court specifically found that Ringwalt was treated appropriately as the owner of 84% of the R & L, Inc. stock because of the significant incidence of his ownership over the trust property. We agree. The district court's finding is adequately supported by the record.
 
 
 14
 Assessing continuity of interest ultimately depends upon proof of beneficial ownership without regard to the existence or absence of legal title. See Bondy v. Commissioner, 269 F.2d 463, 466-67 (4th Cir. 1959); Commissioner v. National Bellas Hess, Inc., supra, 220 F.2d at 421. Cf. Kamborian v. Commissioner, 469 F.2d 219, 221-22 (1st Cir. 1972). The only beneficial right that Ringwalt relinquished under the trust agreement was the right to receive trust receipts allocable to income. Ringwalt had numerous powers of administration over the trust. The trust assets were subject to execution by Ringwalt's creditors. Ringwalt also retained a reversionary interest in the corpus of the trust to insure that he would be entitled to total control after ten years.
 
 
 15
 Most significantly, examination of the declaration of trust reveals that Ringwalt as trustee possessed extensive power to allocate trust receipts between principal and income. I.R.C. § 677(a)(2) provides that the grantor of a trust shall be treated as the owner when the trust income may be held or accumulated, in the grantor's uncontrolled discretion, for future distribution to himself.[9] See Helvering v. Clifford, 309 U.S. 331, 334-38, 60 S.Ct. 554, 84 L.Ed. 788 (1940). Cf. Swanson v. Commissioner, 518 F.2d 59, 63 (8th Cir. 1975). In accordance with Ringwalt's powers as trustee, the 1967 liquidating distribution received from dissolution of R & L, Inc. was allocated to principal, held by the trust for future distribution and actually distributed to Ringwalt upon termination of the trust in 1969.
 
 
 16
 Under these circumstances, it appears that Ringwalt should be treated as the owner of the Clifford Trust, pursuant to section 677(a)(2),[10] and correspondingly we hold that the common control requirement for a reorganization, defined by section 368, was satisfied.[11] See United States v. Adkins-Phelps, Inc., 400 F.2d 737, 740-43 (8th Cir. 1968). The transactions that occurred in the instant case, which in substance were really a continuation of the insurance business rather than its cessation, were properly characterized as a reorganization.
 
 
 17
 Affirmed.
 
 
 
 *
 The Honorable James H. Meredith, Chief Judge, United States District Court for the Eastern District of Missouri, sitting by designation
 
 
 [1]
 Reference to taxpayers includes Jack Ringwalt, Jean Ringwalt, Philip Liesche, and Ursula A. Liesche
 
 
 [2]
 The Honorable Robert V. Denney, United States District Judge for the District of Nebraska
 
 
 [3]
 See I.R.C. § 331(a)(1)
 
 
 [4]
 See I.R.C. § 337(a)
 
 
 [5]
 See I.R.C. § 368(a)(1)(D)
 
 
 [6]
 See I.R.C. § 356
 
 
 [7]
 Distributions of money or property by the corporation to its shareholders incident to the reorganization generally will constitute ordinary dividend income. I.R.C. § 356
 
 
 [8]
 In a reorganization, one or more of the shareholders of the transferor corporation must own at least 80% of the stock of the transferee corporation. See I.R.C. § 368(a)(1)(D). The key question in this case is whether Ringwalt was a "shareholder" of the transferor corporation in view of his powers as trustee of the Clifford Trust
 
 
 [9]
 Section 677 infers that the grantor will not be treated as the owner of a trust if his power to pay or accumulate income for his own benefit can only affect the beneficial enjoyment of the income after ten years. Nonetheless, we reject appellants' suggestion that a grantor cannot be treated as the owner of a trust if distribution of accumulated income takes place after the ten-year period. Section 677 attributes ownership to a grantor whenever the power to pay or accumulate income is exercisable during the ten-year period, without regard to the timing of actual distribution
 
 
 [10]
 Interestingly, Ringwalt did report the gain from the R & L, Inc. liquidation distribution on his individual income tax return for the year 1967
 
 
 [11]
 Ringwalt alternatively contends that the R & L, Inc. liquidation distribution was taxable in 1969 upon termination of the trust rather than in 1967, the year of dissolution. This assertion was not raised at trial and, in any event, is contradicted by our conclusion that Ringwalt should be characterized as the owner of the short-term trust